**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

_____

| | |
|---|---|
| **NAGLA ABDELHALIM,** )<br>**8921 Garden Stone Lane** )<br>**Fairfax, Virginia 22031** )<br> )<br>      **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**AARON LEWIS,** )<br>**8920 Garden Stone Lane** )<br>**Fairfax, Virginia 22031** )<br> )<br>      **And** )<br> )<br>**DINARA LEWIS,** )<br>**8920 Garden Stone Lane** )<br>**Fairfax, Virginia 22031** )<br> )<br>      **And** )<br> )<br>**ANDREW McDEVITT,** )<br>**8919 Garden Stone Lane** )<br>**Fairfax, Virginia 22031** )<br> )<br>      **And** )<br> )<br>**ROXANA McDEVITT,** )<br>**8919 Garden Stone Lane** )<br>**Fairfax, Virginia 22031** )<br> )<br>      **And** )<br> )<br>**ARMISTEAD PARK** )<br>**HOMEOWNERS ASSOCIATION, INC.,** )<br>**Serve: Registered Agent Wilbert Washington** )<br>**3201 Jermantown Road, Suite 600** )<br>**Fairfax, Virginia 22030** )<br> )<br>      **Defendants.** )<br>_____ ) | **Case No. _____** |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff  Nagla Abdelhalim, by and through her undersigned counsel, brings this action against Defendants Aaron Lewis, Dinara Lewis, Andrew McDevitt, Roxana McDevitt and Armistead Park Homeowners Association, Inc. for violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*

### PARTIES & JURISDICTION

1.      Plaintiff Nagla Abdelhalim ("Ms. Abdelhalim") is an individual resident of the Commonwealth of Virginia and resides at 8921 Garden Stone Lane, Fairfax, Virginia 22031.

2.      Defendant Aaron Lewis ("Mr. Lewis") is an individual resident of the Commonwealth of Virginia and resides at 8920 Garden Stone Lane, Fairfax, Virginia 22031.

3.      Defendant Dinara Lewis ("Ms. Lewis") is an individual resident of the Commonwealth of Virginia and resides at 8920 Garden Stone Lane, Fairfax, Virginia 22031.

4.      Defendant Andrew McDevitt ("Mr. McDevitt") is an individual resident of the Commonwealth of Virginia and resides at 8919 Garden Stone Lane, Fairfax, Virginia 22031.

5.      Defendant Roxana McDevitt ("Ms. McDevitt") is an individual resident of the Commonwealth of Virginia and resides at 8919 Garden Stone Lane, Fairfax, Virginia 22031.

6.      Defendant Armistead Park Homeowners Association, Inc. ("Armistead HOA") is a non-stock corporation organized under the laws of the Commonwealth of Virginia with its Principal Office located at 3020 Hamaker Court, Suite 300, Fairfax, Virginia 22031.  Armistead HOA is a homeowner's association covering 235 single family and town homes in Fairfax County, Virginia.  Ms. Abdelhalim, Mr. Lewis, Ms. Lewis, Mr. McDevitt, and Ms. McDevitt are all homeowners in the Armistead neighborhood and members of the Armistead HOA.

2

7.     Jurisdiction is conferred on this Court by 42 U.S.C. §3613(a) and by 28 U.S.C. § 1331.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)  as each Defendant resides in this District and the events giving rise to the claims herein occurred in this District.

## FACTS

9.     Ms. Abdelhalim is an emigrant to the United States.  She moved to the United States in 2005 from Egypt and is of Egyptian ethnicity.  She is also a devout Muslim.  As a female and in accordance with her Muslim beliefs, she wears a Hijab in public.  At all times, Defendants were aware of Ms. Abdelhalim's nationality, race, and religion.

10.     Ms. Abdelhalim is an outstanding member of the community.  She attended college at the University of New Orleans and, for several years, has worked for non-profit organizations providing much-needed goods and services to African nations.  She currently works for the non-profit organization Invisible Children, which is fighting to end isolation and exploitation of children in central Africa's most remote and vulnerable communities.

11.     Ms. Abdelhalim purchased the home located at 8921 Garden Stone Lane, Fairfax, Virginia 22031 (the "Abdelhalim Home") on September 18, 2017.  She has consistently lived at the Abdelhalim Home since moving in shortly after she purchased the property.  Ms. Abdelhalim's brother, Haitham, resides with her at the Abdelhalim Home.

12.     Ms. Abdelhalim and Haitham legally reside at and occupy the Adbelhalim Home.  They comply with all local and state laws and regulations and all HOA rules and regulations applicable to the property.

13.     Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt are Ms. Abdelhalim's immediate neighbors, owning the homes to the immediate left and immediate right of Ms. Abdelhalim's home.

14.     Mr. and Mrs. Lewis own the home located at 8920 Garden Stone Lane, Fairfax, Virginia 22031 (the "Lewis Home"), which they purchased on February 26, 2016.  Mr. and Ms. Lewis are both Caucasian.  Upon information and belief, neither is Muslim.

15.     Mr. and Mrs. McDevitt own the home located at 8919 Garden Stone Lane, Fairfax, Virginia 22031 (the "McDevitt Home"), which they purchased on June 21, 2011.  Mr. McDevitt is Caucasian and Mrs. McDevitt is Latina.  Upon information and belief, neither is Muslim.

16.     In addition to being immediately next door to each other, the Abdelhalim Home and the Lewis Home also share a common driveway, which divides the two homes along the property line.  The driveway is approximately 60 feet long, and splits at roughly a 90 degree angle each way at the end of the driveway to each of the homes' garages.

17.     Shortly after moving into the Abdelhalim Home, Ms. Abdelhalim, who was wearing her Hijab at the time, was confronted outside of her home on or about May 5, 2018 by Mr. McDavitt, Mrs. McDevitt,  Ms. Lewis and another woman claiming to live in the neighborhood.  The four began yelling and screaming at Ms. Abdelhalim without provocation.  They claimed that they did not feel "safe" with Ms. Abdelhalim in the neighborhood and began making demands on her, including that she must provide them with information about where she worked, what her sources of income were, and who lived in the house with her.  The four threatened that they would make her life miserable if Ms. Abdelhalim did not provide this information to them.

18.     The confrontation was without provocation from Ms. Abdelhalim. Ms. Abdelhalim was shocked and frightened by the confrontation. She asked what "rules" she had to abide by, and Ms. Lewis responded she would give them to Ms. Abdelhalim as she lived there. Ms. Abdelhalim asked for a specific example, and Ms. Lewis stated Ms. Abdelhalim had to tell Ms. Lewis who lives in her house and report to them if she has visitors, including the identities of the visitors and how long the visitors would be staying.

19.     During the May 5 confrontation, Mr. McDavitt and Ms. Lewis also threatened that Ms. Abdelhalim could not have renters in her home without Mr. McDavitt and Ms. Lewis' approval, with other conditions such as the length of the tenancy which were not in conformance with the law.

20.     During the May 5 confrontation, Mr. McDavitt and Ms. Lewis also told Ms. Abdelhalim that they were watching and photographing her and the others coming and going from the Abdelhalim Home.

21.     Mr. McDavitt, Mrs. McDavitt and Ms. Lewis and the fourth person continued yelling at and threatening Ms. Abdelhalim for nearly 40 minutes during the May 5 confrontation. Ms. Abdelhalim felt extremely threatened by the exchange, felt violated by the Lewis' and McDavitt's representation that they were watching and photographing her, and was humiliated by the exchange which occurred in front of her home. The confrontation only stopped when Haitham came to Ms. Abdelhalim's aid and tried to deescalate the situation and asked the McDavitts and Ms. Lewis and the fourth person to leave. After this incident, Ms. Abdelhalim remained in fear for her safety.

22.     On May 15, 2018, Ms. Abdelhalim attended an HOA meeting for the Armistead HOA. Mr. and Mrs. McDavitt and Mr. and Mrs. Lewis were also present. At the meeting, Ms.

Abdelhalim questioned Mr. and Mrs. McDavitt and Mr. and Mrs. Lewis about their intention to monitor her and take photos of Ms. Abdelhalim, Haithem, and her visitors.  Mr. and Mrs. McDavitt and Mr. and Mrs. Lewis confirmed that they intended to do so and gave as a false reason to protect the "safety" of the Lewis and the McDavitt families and the other neighbors. Ms. Abdelhalim stated that there was no need to monitor her in this fashion as she posed no safety risk at all and in fact worked at a non-profit serving children in need.  Despite Ms. Abdelhalim's assurance, Mr. and Mrs. McDavitt and Mr. and Mrs. Lewis stated they intended to continue to monitor her.

23.    Mr. and Mrs. McDavitt and Mr. and Mrs. Lewis' repeated reference to "safety" concerns with respect to Ms. Abdelhalim were thinly veiled, bigoted references to their stereotypical views on Ms. Abdelhalim based on her national origin, ethnicity, and religion.  By referencing "safety" concerns, Mr. and Mrs. McDavitt and Mr. and Mrs. Lewis were espousing their stereotypical views that a person of Arab or Middle-Eastern descent, who wore a Hajib and was obviously a practicing Muslim, was intrinsically and inherently dangerous, was radicalized, and was associated with terrorist groups.

24.    Indeed, Ms. Abdelhalim upon information and belief is the only Muslim in the Armistead neighborhood and was also the only person treated in this hostile and aggressive manner by Mr. and Mrs. Lewis, Mr. and Mrs. McDevitt.  Mr. and Mrs. Lewis, Mr. and Mrs. McDevitt directed all of their ire and antagonism towards Ms. Abdelhalim because of her Muslim beliefs and practice and her national origin/ethnicity as a person of Arabic and Middle Eastern descent.

25.    Following the May 5, 2018 confrontation and the May 15, 2018 HOA meeting, Mr. and Mrs. Lewis, with the aid assistance of Mr. and Mrs. McDevitt who joined them in their

discriminatory actions against Ms. Abdelhamin, made good on their threats to make Ms.

Abdelhalim's life in the Abdelhalim Home miserable and drive her out of the neighborhood.

26.     Repeatedly from May 2018 to the present, Mr. and Mrs. Lewis have used their

vehicles to block Ms. Abdelhalim, Haithem, and their visitors in the Abdelhalim Home into or

out of the driveway.  Mr. and Mrs. Lewis park along the common driveway space or park on the

Abdelhalim Home portion of the driveway to prevent Ms. Abdelhalim, Haithem, and their

visitors from moving their cars.  This practice has, in fact, prevented Ms. Abdelhalim and

Haithem from being able to use their cars to get to work.  This blocking practice has been such a

frequent occurrence that Ms. Abdelhalim is afraid to use her driveway for fear of being blocked

in and now must park in the street.

27.     Repeatedly from May 2018 to the present, Mr. and Mrs. Lewis and Mr. and Mrs.

McDevitt have also engaged in a pattern of threateningly glaring and leering at Ms. Abdelhalim,

Haithem, and their visitors, and monitoring their movements.  For example, Mr. and Mrs. Lewis

frequently pull their vehicles within 15 feet of Abdelhalim Home and sit, staring at the

Abdelhalim Home, Ms. Abdelhalim, Haithem, and their visitors from their vehicles.

28.     In addition, often when Ms. Abdelhalim, Haithem, and their visitors are outside of

the Abdelhalim Home or entering or exiting the Abdelhalim Home, Mr. and Mrs. Lewis and Mr.

and Mrs. McDevitt purposefully exit their homes to watch them.  They stare and leer at Ms.

Abdelhalim, Haithem, and their visitors closely and intently as long as they remain outside and

try to listen in on their conversations.  This practice has made Ms. Abdelhalim afraid to be

outside of the Abdelhalim Home by herself for fear of outbursts from Mr. and Mrs. Lewis or Mr.

and Mrs. McDevitt.  The practice is clearly intended to intimidate Ms. Abdelhalim at every

opportunity.   As a result of this practice, Ms. Abdelhalim's visitors are afraid to come to the Abdelhalim Home and have largely stopped visiting her.

29.     Mr. and Mrs. Lewis have in fact gone so far as to enter Ms. Abdelhalim's property and look through her windows and basement door.

30.     On several occasions, Mr. and Mrs. Lewis also drove their vehicles through portions of Ms. Abdelhalim's yard, causing damage to it.

31.     Mr. and Mrs. Lewis' and Mr. and Mrs. McDevitt's conduct became so intimidating and pervasive that Ms. Abdelhalim installed various security cameras to her home between May 2018 and February 2019.  The security cameras have captured Mr. and Mrs. Lewis engaging in the foregoing conduct.

32.     Since May 2018, Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt have also encouraged other neighbors to not interact with or communicate with Ms. Abdelhalim or Haithem.  Neighbors with whom Ms. Abdelhalim used to be friendly are now cold to Ms. Abdelhalim.  This makes Ms. Abdelhalim feel isolated and an outsider in her own neighborhood.

33.     In June 2018, Ms. Abdelhalim employed a handyman to perform work at the Abdelhalim home.  While the handyman was working, Mr. McDevitt trespassed Ms. Abdelhalim property and approached the handyman and antagonized him, going so far as to threaten to report the handyman to the authorities.  The handyman was so intimidated by Mr. McDevitt that he refused to return to work for Ms. Abdelhalim again.  Whenever Ms. Abdelhalim needs work done to the Abdelhalim Home, she and/or Haithem have to take off work to ensure Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt will not harass them as they did with the handyman.

34.      Between June 28, 2018 and October 14, 2018, Mr. McDevitt filed five complaints with Fairfax County regarding the Abdelhalim Home and another property Ms.

Abdelhalim owns in the County, including falsely reporting that she was renting the Abdelhalim Home and falsely claiming that she was operating a business out of the Home.  The Complaints were filed solely for the purposes of harassment and have resulted in 12 visits by inspectors between the two properties.  Ms. Abdelhalim has had to expend significant time, money, and energy to resolve these complaints, none of which resulted in any fine or penalty against her.

35.     In December 2018 and continuing through June 2019, Mr. and Mrs. Lewis escalated their intimidating and hostile conduct by sending or causing to be sent threatening text messages and placing or causing to be placed calls to Ms. Abdelhalim's phone late at night.  Mr. and Mrs. Lewis utilized fake phone numbers and blocked caller IDs to attempt to avoid detection and to increase the intimidation factor by making Ms. Abdelhalim unsure who sent her the messages and to lead her to believe that many different, unknown persons were sending her the messages.

36.     The text messages demanded to know where Ms. Abdelhalim worked.  In the text messages, Mr. and Mrs. Lewis also alleged that Ms. Abdelhalim was having an affair with the texter's husband and asking to meet in person.  The individual defendants sent a series of text messages to Ms. Abdelhalim, each from different numbers, and most of which were late at night when Ms. Abdelhalim was home alone, claiming Ms. Abdelhalim had called the  phone number (which was not true), referring to Ms. Abdelhalim by name, and asking Ms. Abdelhalim to meet.

37.     In yet another series of text messages in early March 2019, again from unknown, different telephone numbers, Ms. Abdelhalim received messages clearly from Mr. and Mrs. Lewis referring to Ms. Abdelhalim allegedly parking in front of their house, threatening her for doing so, and averring that they could not wait until Ms. Abdelhalim moved out of the neighborhood.

38.     One message read: "Hey Nagla, I like for for you not to park your car over there

no more.  park Infront of your own House.  next time it be park by my fucking House i will get it

Tow away.  Me and my wife is so tired of you and your family."  That message was delivered at

9:01 p.m.

39.     In another set of messages, from a different, unknown number, Mr. and Mrs.

Lewis stated: "if you ever park your damn car by my house again i will fine your ass.  And also

have your damn car Tow away.  We cant wait to you move out of our area.  when your ass go to

work tomorrow me and my wife will see you.  we have words for your ass."

40.     In addition to the pattern of receiving these threatening and hostile text messages,

Mr. and Mrs. Lewis also made or directed to be made phone calls to Ms. Abdelhalim, from

different numbers or blocked numbers, often late at night, and often when she was at home

alone.  On the occasions when Ms. Abdelhalim answered the phone calls, she would be met with

silence and/or the caller would immediately hang up.  In February and March 2019, Ms.

Abdelhalim received at least eight of these calls between 8:59 p.m. and 11:02 p.m.

41.     The calls and texts were so threatening and terrifying to Ms. Abdelhalim that she

reported them to the Fairfax County police.

42.     Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt engaged in this conspiracy and

consistent pattern of hostility and intimidation against Ms. Abdelhalim and her visitors at the

Abdelhalim Home because of her religious beliefs, ethnicity, and national origin.  Mr. and Mrs.

McDevitt and Mr. and Mrs. Lewis have not engaged in the same type of behavior with respect to

their non-Muslim, non-Egyptian, non-Arab, and non-Middle-Eastern neighbors.

43.     In an attempt to resolve the ongoing antagonism, intimidation, and threats from

Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt, Ms. Abdelhalim repeatedly notified Armistead

HOA, primarily through its Secretary Travis Collins, of Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt's behavior and implored Armistead HOA to take action against Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt.

44.     For example, Ms. Abdelhalim raised the issues of the initial hostile confrontation in May 2018, the text and phone calls, the unjustified complaints to Fairfax County, the efforts to block the driveway and the cars, the tactics of watching and photographing Ms. Abdelhalim, Haithem, and her visitors, and harassing Ms. Abdelhalim's visitors in a series of emails with Mr. Collins between August 2018 and March 2019.  She also raised these issues at HOA meetings. She gave Mr. Collins and the Armistead HOA details and specifics regarding Mr. and Mrs. McDevitt's and Mr. and Mrs. Lewis' conduct, and provided evidence of the harassment, including copies of the text messages.  Ms. Abdelhalim also specifically stated to Mr. Collins that she felt Mr. and Mrs. Lewis' and Mr. and Mrs. McDevitt's behavior had a discriminatory motivation.

45.     Despite repeated pleas from Ms. Abdelhalim that the Armistead HOA take action, the Armistead HOA did nothing.

46.     Despite having the power, authority, and the obligation  under its governance  and the law to take action against Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt as a result of their behavior, including but not limited to penalizing and fining them, Armistead HOA instead did nothing and allowed the behavior to continue and escalate.  Armistead HOA did not investigate or intervene on Ms. Abdelhalim's behalf, and did not take any steps to resolve the constant and severe hostility and acts of intimidation.  Rather, Armistead HOA sat idly by and allowed the conduct to continue and escalate.

47.     The conduct of Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt and Armistead HOA has materially interfered with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home.  Their conduct has been severe and pervasive.  She is constantly in fear of her interactions with the Defendants and afraid that their conduct will continue and escalate, to the point of putting her at physical risk.

48.     Defendants' conduct has been so severe that Ms. Abdelhalim has suffered and continues to suffer from high anxiety, headaches, and other physical symptoms.  She has also missed significant time from work and has constant fear when she is home alone, fears interactions with others, and fears going out in public.

### COUNT I
### Violation of FHA, 42 U.S.C. § 3617, Against Aaron Lewis

49.     Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

50.     Ms. Abdelhalim is a member of protected classes under the FHA.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

51.     Ms. Abdelhalim was engaged in the exercise or enjoyment of fair housing rights, including the purchase, establishment, and enjoyment of residency at the Abdelhalim Home.

52.     Mr. Lewis engaged in course of conduct, with his co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

53.     Mr. Lewis's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

54.     Mr. Lewis's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the

Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

55.    Mr. Lewis engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Aaron Lewis, and further:

A.    Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.    Award punitive damages in an amount not less than $300,000;

C.    Award reasonable attorney's fees and costs;

D.    Equitable relief and/or a permanent injunction prohibiting Aaron Lewis from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.    Such other and further relief as the Court deems just and proper.

## COUNT II
## Violation of FHA, 42 U.S.C. § 3617, Against Dinara Lewis

56.    Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

57.    Ms. Abdelhalim is a member of protected classes under the FHA.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

58.    Ms. Abdelhalim was engaged in the exercise or enjoyment of fair housing rights, including the purchase, establishment, and enjoyment of residency at the Abdelhalim Home.

59.     Ms. Lewis engaged in course of conduct, with her co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

60.     Ms. Lewis's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

61.     Ms. Lewis's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

62.     Ms. Lewis engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Dinara Lewis, and further:

A.     Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.     Award punitive damages in an amount not less than $300,000;

C.     Award reasonable attorney's fees and costs;

D.     Equitable relief and/or a permanent injunction prohibiting Dinara Lewis from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.     Such other and further relief as the Court deems just and proper.

14

**COUNT III**
**Violation of FHA, 42 U.S.C. § 3617, Against Andrew McDevitt**

63.    Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

64.    Ms. Abdelhalim is a member of protected classes under the FHA.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

65.    Ms. Abdelhalim was engaged in the exercise or enjoyment of fair housing rights, including the purchase, establishment, and enjoyment of residency at the Abdelhalim Home.

66.    Mr. McDevitt engaged in course of conduct, with his co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

67.    Mr. McDevitt's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

68.    Mr. McDevitt's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

69.    Mr. McDevitt engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Andrew McDevitt, and further:

A.      Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.      Award punitive damages in an amount not less than $300,000;

C.      Award reasonable attorney's fees and costs;

D.      Equitable relief and/or a permanent injunction prohibiting Andrew McDevitt from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.      Such other and further relief as the Court deems just and proper.

**COUNT IV**
**Violation of FHA, 42 U.S.C. § 3617, Against Roxana McDevitt**

70.     Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

71.     Ms. Abdelhalim is a member of protected classes under the FHA.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

72.     Ms. Abdelhalim was engaged in the exercise or enjoyment of fair housing rights, including the purchase, establishment, and enjoyment of residency at the Abdelhalim Home.

73.     Ms. McDevitt engaged in course of conduct, with her co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

74.     Ms. McDevitt's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

75.     Ms. McDevitt's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the

16

Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

76.     Ms. McDevitt engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Roxana McDevitt, and further:

A.     Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.     Award punitive damages in an amount not less than $300,000;

C.     Award reasonable attorney's fees and costs;

D.     Equitable relief and/or a permanent injunction prohibiting Roxana McDevitt from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.     Such other and further relief as the Court deems just and proper.

### COUNT V
### Violation of 42 U.S.C. § 1982, Against Aaron Lewis

77.     Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

78.     Ms. Abdelhalim is a member of protected classes under 42 U.S.C. § 1982.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

79.     Mr. Lewis engaged in course of conduct, with her co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

80.     Mr. Lewis's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

81.     Mr. Lewis's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

82.     Mr. Lewis engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Aaron Lewis, and further:

A.     Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.     Award punitive damages in an amount not less than $300,000;

C.     Award reasonable attorney's fees and costs;

D.     Equitable relief and/or a permanent injunction prohibiting Aaron Lewis from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.     Such other and further relief as the Court deems just and proper.

## COUNT VI
### Violation of 42 U.S.C. § 1982, Against Dinara Lewis

83.     Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

84.     Ms. Abdelhalim is a member of protected classes under 42 U.S.C. § 1982.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

85.     Ms. Lewis engaged in course of conduct, with her co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

86.     Ms. Lewis's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

87.     Ms. Lewis's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

88.     Ms. Lewis engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Dinara Lewis, and further:

A.     Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.     Award punitive damages in an amount not less than $300,000;

C.     Award reasonable attorney's fees and costs;

D.     Equitable relief and/or a permanent injunction prohibiting Dinara Lewis from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

19

E.       Such other and further relief as the Court deems just and proper.

## COUNT VII
### Violation of 42 U.S.C. § 1982, Against Andrew Mcdevitt

89.       Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

90.       Ms. Abdelhalim is a member of protected classes under 42 U.S.C. § 1982.  She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

91.       Mr. McDevitt engaged in course of conduct, with her co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

92.       Mr. McDevitt's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

93.       Mr. McDevitt's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

94.       Mr. McDevitt engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Andrew McDevitt, and further:

A.       Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.      Award punitive damages in an amount not less than $300,000;

C.      Award reasonable attorney's fees and costs;

D.      Equitable relief and/or a permanent injunction prohibiting Andrew McDevitt from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.      Such other and further relief as the Court deems just and proper.

### COUNT VIII
### Violation of 42 U.S.C. § 1982, Against Roxana McDevitt

95.      Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

96.      Ms. Abdelhalim is a member of protected classes under 42 U.S.C. § 1982. She is a Muslim, is form Egypt, and is of Arab/Egyptian/Middle Eastern descent and ethnicity.

97.      Ms. McDevitt engaged in course of conduct, with her co-Defendants, which included coercion, threats, intimidation, and interference with Ms. Abdelhalim's enjoyment of the Abdelhalim Home and in an attempt to drive her out of the neighborhood, as described above.

98.      Ms. McDevitt's conduct was motivated by an intent to discriminate against Ms. Abdelhalim on the basis of her religion, national origin, and race/ethnicity.

99.      Ms. McDevitt's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

100.     Ms. McDevitt engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Roxanna McDevitt, and further:

A.     Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.     Award punitive damages in an amount not less than $300,000;

C.     Award reasonable attorney's fees and costs;

D.     Equitable relief and/or a permanent injunction prohibiting Roxana McDevitt from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.     Such other and further relief as the Court deems just and proper.

## COUNT IX
### Conspiracy in Violation of 42 U.S.C. § 1985(3), Against Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt

101.     Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

102.     Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt cooperated, combined, associated, agreement and/or acted in concert with each other for the purpose of depriving Ms. Abdelhalim of the equal protection of the laws, including her right to use and enjoyment of the Abdelhalim home free of discrimination, intimidation, threats, and harassment.

103.    Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt, each and together, took action in furtherance of their conspiracy against Ms. Abdelhalim, her brother, and her visitors to discriminate, intimidate, threaten, and harass her, as described herein.

104.    As a result of Mr. and Mrs. Lewis's and Mr. and Mrs. McDevitts' conspiracy, Ms. Abdelhalim has been injured and harmed in and deprived of the use and enjoyment of the Abdelhalim Home.

105.    Mr. and Mrs. Lewis's and Mr. and Mrs. McDevitt's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

106.    Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt, and further:

A.    Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.    Award punitive damages in an amount not less than $300,000;

C.    Award reasonable attorney's fees and costs;

D. Equitable relief and/or a permanent injunction prohibiting the Defendants from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E. Such other and further relief as the Court deems just and proper.

### COUNT X
### Common Law Conspiracy Against Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt

107. Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

108. Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt cooperated, combined, associated, agreement and/or acted in concert with each other for the purpose of depriving Ms. Abdelhalim of the equal protection of the laws, including her right to use and enjoyment of the Abdelhalim home free of discrimination, intimidation, threats, and harassment.

109. Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt, each and together, took action in furtherance of their conspiracy against Ms. Abdelhalim, her brother, and her visitors to discriminate, intimidate, threaten, and harass her, as described herein.

110. As a result of Mr. and Mrs. Lewis's and Mr. and Mrs. McDevitts' conspiracy, Ms. Abdelhalim has been injured and harmed in and deprived of the use and enjoyment of the Abdelhalim Home.

111. Mr. and Mrs. Lewis's and Mr. and Mrs. McDevitt's actions were designed to and did directly and proximately, materially, severely, and pervasively interfere with Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home, placed Ms. Abdelhalim in constant fear for her physical and emotional safety, and caused her other severe harm and emotional distress.

112.     Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt engaged in the discriminatory, hostile, intimidating, and threatening conduct with a conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt, and further:

A.     Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.     Award punitive damages in an amount not less than $300,000;

C.     Award reasonable attorney's fees and costs;

D.     Equitable relief and/or a permanent injunction prohibiting the Defendants from continuing to engage in the illegally discriminatory, hostile, and intimidating conduct alleged in this Complaint; and

E.     Such other and further relief as the Court deems just and proper.

### COUNT XI
### Violation of FHA, 42 U.S.C. § 3617 and 24 C.F.R. § 100.7, Against Armistead HOA

113.     Plaintiff re-alleges and incorporates by reference paragraphs 1-48 as if set forth fully herein.

114.     Defendants Mr. and Mrs. Lewis and Mr. and Mrs. McDevitt violated the FHA and by creating a discriminatory, intimidating, hostile, and threatening environment for Ms. Abdelhalim which deprived Ms. Abdelhalim of her use and enjoyment of the Abdelhalim Home.

115.    Armistead HOA knew, or should have known, about discriminatory, intimidating, hostile, and threatening environment created by the other Defendants, from the reports and evidence supplied to it by Ms. Abdelhalim.

116.    Despite the foregoing, Armistead HOA refused to take any action to correct, stop, end, or cure the discriminatory, intimidating, hostile, and threatening environment, despite have the power, authority, and obligation to do so.

117.    As a direct and proximate result of Armistead HOA's actions and inactions, Ms. Abdelhalim's use and enjoyment of the Abdelhalim Home has been materially interfered with, Ms. Abdelhalim is in constant fear for her physical and emotional safety, and Ms. Abdelhalim has suffered other severe harm and emotional distress.

118.    Armistead HOA's actions and inactions were in conscious, wanton, and/or reckless disregard for the federally protected rights of Ms. Abdelhalim, which entitles Ms. Abdelhalim to punitive damages.

**WHEREFORE,** Plaintiff prays on her behalf that this Court grant judgment in her favor and against Armistead HOA, and further:

A.    Award actual and compensatory damages, including for emotional and mental distress, in an amount not less than $300,000;

B.    Award punitive damages in an amount not less than $300,000;

C.    Award reasonable attorney's fees and costs;

D.    Equitable relief and/or a permanent injunction requiring Armistead HOA to take action to protect Ms. Abdelhalim from the discriminatory, hostile, intimidating, and threatening actions of the other Defendants; and

E.    Such other and further relief as the Court deems just and proper.

By Counsel,


_____/s/ Nicholas Hantzes_____
Nicholas Hantzes, VSB No. 23967
Michael Hall, VSB No. 85481
HANTZES & ASSOCIATES
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
Tel: (703) 378-5000
Fax: (703) 448-4434
nhantzes@hantzeslaw.com
mhall@hantzeslaw.com
*Counsel for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues to which she is entitled to a jury.


By Counsel,


_____/s/ Nicholas Hantzes_____
Nicholas Hantzes, VSB No. 23967
Michael Hall, VSB No. 85481
HANTZES & ASSOCIATES
1749 Old Meadow Road, Suite 308
McLean, Virginia 22102
Tel: (703) 378-5000
Fax: (703) 448-4434
nhantzes@hantzeslaw.com
mhall@hantzeslaw.com
*Counsel for Plaintiff*