UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| NAGLA ABDELHALIM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00858-LO-TCB |
| ) | |
| AARON LEWIS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

I. INTRODUCTION

Plaintiff has brought a lawsuit alleging a neighbor dispute and harassment, on private property, all allegedly in violation of the Fair Housing Act. In addition to suing the individuals that she claims are the actors in this harassment, she has improperly filed suit against the Armistead Park Homeowners Association, Inc., the homeowners association for the community in which she lives ("HOA"). There exists no legal basis for holding the HOA responsible for policing the conduct of private individuals on their own private property. The HOA does not have any ownership interest in the Plaintiff's or Co-defendants' property. There is no fact to suggest that it has enforcement power or the ability to intervene. There is no allegation that it has the arsenal or incentives and sanctions to accomplish what Plaintiff desires. There is no allegation that any of the actors at issue are board members. Any interpretation of the Fair Housing Act to apply to the HOA under these circumstances would be a grossly overly broad interpretation of the reach of the statute. Congress did not create such a broad law and if it intended to do so, it must state so in

plain language. There exists no plausible claim against the HOA and thus Plaintiff's claim against the HOA must be dismissed.

## II. FACTS AS ALLEGED

Plaintiff brings a 27 page Complaint against four of her neighbors, under 11 counts. The last Count is against the HOA. Her claims are essentially brought under the Fair Housing Act.

Plaintiff is an immigrant to the United States from Egypt. Compl. ¶ 9. She is a Muslim and wears traditional clothing including a Hijab. *Id.* ¶ 9. She moved into the HOA in September 2017. *Id.* ¶ 11. Plaintiff asserts that the Lewises and McDevitts are her neighbors (collectively "Individual Defendants"). *Id.* ¶ 1-5. The Lewises live to the immediate left and the McDevitts live to the immediate right. *Id.* ¶ 13. Plaintiff alleges none of them are Muslim. *Id.* ¶ 14-15. The Lewises' home shares the driveway with the Plaintiff's property. *Id.* ¶ 16.

The HOA covers the 235 homes in the community. *Id.* ¶ 6. There are no allegations of any bylaws or governing documents. There are no allegations that the Individual Defendants are current Board Members or Officers of the HOA. There is no allegation that any of the affirmative conduct was by the board. There is no allegation that any instrumentality or service of the HOA was used to perform any of the conduct at issue by the Individual Defendants. The only allegation is that she notified the HOA through its secretary and pleaded to take action. *Id.* ¶ 43-45. Without any factual detail, Plaintiff asserts the legal conclusion that the HOA has the power, authority, and obligation to act. *Id.* ¶ 46.

On May 5, 2018, the Individual Defendants began yelling at the Plaintiff, without provocation and with a demand for information. *Id.* ¶ 17. Mr. McDevitt and Ms. Lewis threatened that Plaintiff could not have renters and that they were watching and photographing her. *Id.* ¶ 19-21.

On May 15, 2018, at an HOA meeting, Plaintiff inquired of the Individual Defendants if they intended to monitor her going forward and they confirmed they would.  *Id.* ¶ 22.

From May 2018 to the present, the Individual Defendants blocked the Plaintiff's driveway/shared driveway, they glare and leer at the Plaintiff, they exit their homes to stare at the Plaintiff or visitors, and encourage other neighbors not to interact with Plaintiff.  *Id.* ¶ 26-28, 32.  The Lewises have entered Plaintiff's property and Mr. McDevitt trespassed to approach a handyman on her property.  *Id.* ¶ 29-30, 33.  The McDevitts have filed five complaints with Fairfax County about Plaintiff renting her home and running a home business.  *Id.* ¶ 34.  The Lewises sent threatening text messages from blocked numbers.  *Id.* ¶ 35-37.  Plaintiff reported the messages to the police.  *Id.* ¶ 41.

Plaintiff brings Count I through IV, for violations of 42 U.S.C. § 3617 against the Individual Defendants.  Plaintiff brings Count V through VIII, for violations of 42 U.S.C. § 1982 against the Individual Defendants.  Plaintiff brings Count IX, for a conspiracy in violations of 42 U.S.C. § 1985(3) against the Individual Defendants.  Plaintiff brings Count X, for a common law conspiracy against the Individual Defendants.

Plaintiff brings Count XI for a violation of the FHA under 42 U.S.C. § 3617 and 24 C.F.R. § 100.7 against the HOA.

III.   ARGUMENT

   A.   **Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires the Complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (hereafter, "Iqbal"); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) (hereafter, "Twombly").  The U.S. Supreme Court held that although "Rule 8 does not require

'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*). In clarifying the pleading standard applicable in federal proceedings, the Court continued, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*

In evaluating a motion to dismiss, this court should consider whether Plaintiff has complied with the requirement of the Federal Rules of Civil Procedure that a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Supreme Court articulated two key principles applicable to the evaluation of a complaint on a motion to dismiss. First, the district court need not accept as true allegations that are legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The second step requires the court "to draw on its judicial experience and common sense" and determine whether the facts allow it to "infer more than the mere possibility of misconduct." *Id.* Justice Kennedy succinctly summarized these principles as follows:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id. See also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. There is no viable claim against the HOA in this neighbor dispute.

The FHA does not apply to the conduct at issue here and Plaintiff has failed to state any facts to show that a cause of action could plausibly exist. Plaintiff alleges nothing more than a legal conclusion that the HOA had the duty to act.

"To prevail on a § 3617 claim, a plaintiff must show that (1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). Elements three and four are not satisfied against the HOA in the facts alleged.

"It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606." 42 U.S.C. § 3617. None of the sections cited have any bearing on the matter at issue here and there can be no claim under § 3617. There is no alleged discrimination in the sale or rental of housing, or the provisioning of services or facilities to violate 42 U.S.C. § 3604. There is no residential real estate transaction. 42 U.S.C. § 3605. There are no brokerage services. 42 U.S.C. § 3606. The only claim that remotely could be applicable is § 3604.

"To make out a *prima facie* case of housing refusal under 42 U.S.C. § 3604(a), a plaintiff must show the following: (1) the plaintiff is a member of one of the statutorily protected classes; (2) the plaintiff sought and was qualified to rent or purchase housing; (3) the plaintiff was rejected; and (4) the property remained available to other renters or purchasers." *Johns v. Stillwell*, 2009

U.S. Dist. LEXIS 43330, *14, (W.D.Va. May 20, 2009). This simply does not fit the fact pattern at issue here.

Plaintiff relies upon 24 C.F.R. § 100.7 to attempt to create liability as to the HOA. However, that section cannot expand the scope of the code cited above. The parameters of 42 U.S.C. § 3617, and thus by reference those in §§ 3603-06, cannot be expanded to cover the HOA here. The regulation cannot broaden the enabling legislation that granted the authority in the first place. 24 C.F.R. § 100.7 states in relevant part that a person is liable for:

> [f]ailing to take prompt action to correct and <u>end a discriminatory housing practice</u> by a third-party, where the person knew or should have known of the discriminatory conduct and <u>had the power to correct it</u>. The power to take prompt action to correct and end a discriminatory housing practice by a third-party <u>depends upon the extent of the person's control or any other legal responsibility</u> the person may have with respect to the conduct of such third-party.

(emphasis added). Even if this regulation were not impermissibly broader than the enabling legislation, as argued for by Plaintiff given the reliance on it in the Complaint, all three of the highlighted elements fail in the present lawsuit. First, as outlined above, there is no "discriminatory housing practice" occurring here as there is no home or rental being contemplated. The property is already owned by Plaintiff, she was not discriminated against in acquiring it. There is no allegation that any HOA facility or service is being deprived. Second, there is no factual allegation whatsoever that the HOA has the power to correct the behavior of private parties on private property. To the contrary, Plaintiff states that the Police have been involved and the Fairfax County authorities. If there was no redress from that, there is little the HOA can do. Certainly, nothing is alleged factually giving such power or authority to the HOA. Third, there is no allegation of fact as to what control the HOA would possibly have to keep the Individual Defendants from looking at, speaking at, or video taping the Plaintiff.

Counsel for Defendant HOA is not aware of any case that imposed liability on an HOA for conduct of non-HOA board members in their own homes or property. One very instructive case came to the opposite conclusion, namely that the regulation is not broad enough to reach the conduct at issue here. In the very recent case of *Morris v. West Hayden Estates First Addition Homeowners Ass'n, Inc.*, 2019 U.S. Dist. LEXIS 58800 (April 4, 2019), the court granted a motion for judgment as a matter of law. One of the issues that arose was whether a homeowners association could be liable under the FHA for conduct of non-board members. *Id.* at *13. After looking at cases that did not involve a homeowners association, the court concluded the association could not be liable, providing several reasons:

> First, HUD's interpretation of the statute strikes [the court] as incredibly broad. Second, [the homeowners association] lacks the resources to effectively police the interactions of each homeowner in the development. Third, even if it had the resources to police those interactions, [the homeowners association] lacks the "arsenal of incentives and sanctions" to prevent discrimination held by the landowners in *Wetzel* and *Francis*, making those cases inapt. Finally, as a matter of public policy, [the court is] reluctant to impose a duty under an extraordinarily broad reading of the Fair Housing Act requiring homeowners associations to police and correct disputes among neighbors; such a duty would almost certainly create more conflict than it prevented. If Congress wishes to impose this duty on homeowners associations, it must say so plainly.

*Id.* at *13, n.6. All four of these reasons are applicable here. The reading would be very broad in the present case as well. Plaintiff seeks to hold a third-party liable for conduct of private citizens on their private property, after having made non-descript complaints at an HOA meeting. Plaintiff provides no specific allegation of how the HOA is to prevent this behavior, what resources it has, what enforcement mechanism it has, what rules or regulations could be used to stop this behavior, or what the HOA could do that the County of Fairfax and the police have not been able to resolve. Lastly, if it were applied here, the FHA would be stretched beyond its plain reading into something Congress did not intend and certainly something Congress did not expressly state.

Even conceptually, it is not clear what the Plaintiff would have the HOA do. The HOA is not in a position to call the police any more than the Plaintiff. The HOA cannot prohibit ostensibly legal behavior of the Individual Defendants exercising free speech, viewing matters from their own property, placing their vehicles on their own driveway, or otherwise interfering with the use of private property. The HOA cannot adjudicate individual conduct as racist and then dolling out a fine as a result of that determination. Any such fine would most likely end up being challenged in court as well. Plaintiff must use her remedies that any other private citizen, not living in a homeowners association, would have against a neighbor.

WHEREFORE the Court should grant the Motion to Dismiss for failure to state a claim upon which relief can be granted for all claims and for such further relief as this Court deems just and proper.

    Respectfully submitted,
**ARMISTEAD PARK HOMEOWNERS ASSOCIATION, INC.**
By Counsel

/s/ Martin Schubert
Martin Schubert, VSB No. 80904
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703)385-1000 Telephone
(703)385-1555 Facsimile
mschubert@bmhjlaw.com
*Counsel for Defendant Armistead Homeowners*
    *Association, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 22nd day of July, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  Nicholas Hantzes, Esq.
  HANTZES & ASSOCIATES
  1749 Old Meadow Road, Suite 308
  McLean, VA 22102
  *Counsel for Plaintiff*

And mailed the foregoing via U.S. Mail postage prepaid to:

  Aaron and Dinara Lewis
  8920 Garden Stone Lane
  Fairfax, VA 22031

  Andrew and Roxana McDevitt
  8919 Garden Stone Lane
  Fairfax, VA 22031

                 /s/ Martin Schubert
                 Martin Schubert