**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| NAGLA ABDELHALIM )<br> )<br>    Plaintiff, )<br>v. )<br> )<br>AARON LEWIS, et al., )<br> )<br>    Defendants. ) | Civil Action No. 1:19-cv-00858-LO-TCB |

## DEFENDANT AARON LEWIS'S ANSWER TO PLAINTIFF NAGLA ABDELHALIM'S COMPLAINT

COMES NOW the defendant, Aaron Lewis ("Defendant" or "Mr. Lewis"), by and through his undersigned counsel, Alexander Francuzenko, Esq., Michael D. Arena, Esq., and the law firm of Cook Craig & Francuzenko, PLLC, and for Defendant's Answer to the plaintiff, Nagla Abdelhalim ("Plaintiff" or "Ms. Abdelhalim")'s, Complaint, states as follows:

Defendant denies all allegations of misconduct alleged against him in the Second Amended Complaint. All allegations not specifically admitted are hereby denied.

The Defendant denies the allegations contained in Plaintiff's Complaint and responds to each paragraph as follows:

1. Defendant admits only that Plaintiff resides at 8921 Garden Stone Lane, Fairfax, VA 22031 (the "Abdelhalim Home").

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits only that Mrs. Lewis resided at 8920 Garden Stone Lane, Fairfax, VA 22031 (the "Lewis Home") until approximately June 7, 2019, at which time she relocated to Maine due to her work.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits only that the individual parties are homeowners in the Armistead neighborhood and members of the Armistead HOA. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 6, and accordingly puts Plaintiff to her proofs with respect to same.

7. Paragraph 7 calls for a legal conclusion that does not require a response.

8. Paragraph 8 calls for a legal conclusion that does not require a response.

9. Defendant denies the allegation that at all times he was aware of Plaintiff's nationality, race, and religion. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 9, and accordingly puts Plaintiff to her proofs with respect to same.

10. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 10, and accordingly puts Plaintiff to her proofs with respect to same.

11. Defendant admits only that upon information and belief, Plaintiff's brother Haitham resides with her. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 11, and accordingly puts Plaintiff to her proofs with respect to same.

12. Defendant denies the allegation that Plaintiff and her brother comply with all HOA rules and regulations applicable to the property. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 12, and accordingly puts Plaintiff to her proofs with respect to same.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant denies the allegation that Mrs. Lewis is not Muslim. Defendant admits

the remaining allegations contained in Paragraph 14.

15. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 15, and accordingly puts Plaintiff to her proofs with respect to same.

16. Defendant denies the allegation that the shared driveway splits at a 90 degree angle towards the Lewis Home. The remaining allegations in Paragraph 16 are admitted.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant admits only that he, Mrs. Lewis, and Plaintiff attended an HOA meeting in May 2018 wherein the issue of home rental practices, including short-term rentals and online home-sharing services, were discussed. Defendant denies all remaining allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies that he or Mrs. Lewis treated Plaintiff or any other neighbor in a "hostile and aggressive manner." Defendant denies all remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies that he or Mrs. Lewis harassed Plaintiff or any visitor or "handyman" at any time. Defendant lacks sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 33, and therefore puts Plaintiff to her proofs with respect to same.

34. To the extent the allegations in Paragraph 34 are directed at Defendant or Mrs. Lewis, Defendant denies the allegations in Paragraph 34. Further responding, Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 34, and therefore puts Plaintiff to her proofs with respect to same.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38. Further responding, Defendant denies ever sending any text messages to Plaintiff at any time.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41 to the extent they allege Defendant or Mrs. Lewis sent any text messages to Plaintiff at any time. Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 41, and therefore puts Plaintiff to her proofs with respect to same.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43 that he or Mrs. Lewis antagonized, intimidated, or threatened Plaintiff at any time. Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 43, specifically what Plaintiff stated to third parties, and therefore puts Plaintiff to her proofs with respect to same.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45 to the extent they infer or allege any misconduct, hostility, interference, or harassment on the part of Defendant or Mrs. Lewis whatsoever. Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 45, specifically what Plaintiff stated to third parties, and therefore puts Plaintiff to her proofs with respect to same.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

50. The first sentence of Paragraph 50 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 50, and therefore puts Plaintiff to her proofs with respect to same.

51. Paragraph 51 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegations.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55. In response to Plaintiff's "Wherefore" clause following Paragraph 55, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

56. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

57. The first sentence of Paragraph 57 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 57, and therefore puts Plaintiff to her proofs with respect to same.

58. Paragraph 58 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegations.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62. In response to Plaintiff's "Wherefore" clause following Paragraph 62, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

63. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

64. The first sentence of Paragraph 64 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 64, and therefore puts Plaintiff to her proofs with respect to same.

65. Paragraph 65 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegations.

66. Defendant denies the allegations in Paragraph 66 against him and Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

67. Defendant denies the allegations in Paragraph 67 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

68. Defendant denies the allegations in Paragraph 68 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

69. Defendant denies the allegations in Paragraph 69 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same. In response to Plaintiff's "Wherefore" clause following Paragraph 69, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

70. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

71. The first sentence of Paragraph 71 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 71, and therefore puts Plaintiff to her proofs with respect to same.

72. Paragraph 72 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegations.

73. Defendant denies the allegations in Paragraph 73 against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

74. Defendant denies the allegations in Paragraph 74 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

75. Defendant denies the allegations in Paragraph 75 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

76. Defendant denies the allegations in Paragraph 76 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect

to same. In response to Plaintiff's "Wherefore" clause following Paragraph 76, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

77. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

78. The first sentence of Paragraph 78 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 78, and therefore puts Plaintiff to her proofs with respect to same.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82. In response to Plaintiff's "Wherefore" clause following Paragraph 82, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

83. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

84. The first sentence of Paragraph 84 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 84, and therefore puts Plaintiff to her proofs with respect to same.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88. In response to Plaintiff's "Wherefore" clause following Paragraph 88, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

89. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

90. The first sentence of Paragraph 90 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 90, and therefore puts Plaintiff to her proofs with respect to same.

91. Defendant denies the allegations in Paragraph 91 against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

92. Defendant denies the allegations in Paragraph 92 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

93. Defendant denies the allegations in Paragraph 93 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

94. Defendant denies the allegations in Paragraph 94 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same. In response to Plaintiff's "Wherefore" clause following Paragraph 94, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

95. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

96. The first sentence of Paragraph 96 states a legal conclusion which requires no response. To the extent a response is required, Defendant denies the allegation. Further responding, Defendant does not have sufficient knowledge and information to admit or deny the remaining allegations contained in Paragraph 96, and therefore puts Plaintiff to her proofs with respect to same.

97. Defendant denies the allegations in Paragraph 97 against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

98. Defendant denies the allegations in Paragraph 98 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

99. Defendant denies the allegations in Paragraph 99 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

100. Defendant denies the allegations in Paragraph 100 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same. In response to Plaintiff's "Wherefore" clause following Paragraph 100, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

101. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106. In response to Plaintiff's "Wherefore" clause following Paragraph 106, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

107. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112. In response to Plaintiff's "Wherefore" clause following Paragraph 112, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

113. Defendant re-alleges and incorporates by references the responses above as if set forth fully herein.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same.

118. Defendant denies the allegations in Paragraph 118 to the extent they are against him or Mrs. Lewis. Defendant does not have sufficient knowledge and information to admit or deny the allegations directed at other defendants, and therefore puts Plaintiff to her proofs with respect to same. In response to Plaintiff's "Wherefore" clause following Paragraph 118, Defendant denies that Plaintiff is entitled to any of the relief requested therein, or to any other relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendant asserts the following defenses:

## **FIRST DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## **SECOND DEFENSE**

42 U.S.C. § 1982 does not encompass claims of national origin or religious discrimination, and Plaintiff's related claims fail as a matter of law.

## THIRD DEFENSE

Plaintiff's claims, or certain of them, are barred by the applicable statute or statutes of limitations.

## FOURTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize her alleged damages.

## FIFTH DEFENSE

Plaintiff is estopped and barred by her own conduct from requesting the relief set forth in the Complaint.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches and waiver.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiff has not been injured within the meaning of the law.

## NINTH DEFENSE

Plaintiff's claims are barred by her failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest, or administrative procedures, avenues, remedies and/or prerequisites to suit.

## TENTH DEFENSE

Plaintiff is unable to state a prima facie case of any sort of discrimination against Defendant.

## ELEVENTH DEFENSE

Defendant had legitimate, non-discriminatory reasons for any actions taken.

## TWELFTH DEFENSE

Defendant was not motivated in any way by an intent to discriminate for any actions taken at any time.

## THIRTEENTH DEFENSE

Defendant at no time coerced, threatened, intimidated, or interfered with Plaintiff on account of protected activity or on any account whatsoever.

## FOURTEENTH DEFENSE

Defendant denies Plaintiff's allegations justify an award of punitive damages and asserts that an award of punitive damages under the facts and circumstances alleged are a violation of the Defendant's Constitutional rights.

## FIFTEENTH DEFENSE

The Defendant has at all relevant times complied with all applicable federal, state, and/or other regulations, laws, and standards.

## RESERVATION

Defendant hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

**WHEREFORE**, the defendant, Aaron Lewis, respectfully requests that the Court dismiss the Plaintiff's Complaint, with prejudice, award all reasonable costs and attorneys' fees for the defense of this action, and grant Defendant such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

_____/s/_____
Alexander Francuzenko, VSB 36510
Michael D. Arena, VSB 87278
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 Phone
(703) 434-3510 Fax
alex@cookcraig.com
marena@cookcraig.com
*Counsel for Defendants Aaron Lewis and Dinara Lewis*

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Defendant Aaron Lewis's Answer to the Complaint, via ECF this 22nd day of July, 2019, upon the following:

Nicholas H. Hantzes, Esq.
Hantzes & Associates
1749 Old Meadow Rd.
Suite 308
Mclean, VA 22102
703-378-5000
Fax: 703-448-4434
Email: nhantzes@hantzeslaw.com
*Counsel for Plaintiff*

_____/s/_____
Alexander Francuzenko, VSB 36510
Michael D. Arena, VSB 87278
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 Phone
(703) 434-3510 Fax
alex@cookcraig.com
marena@cookcraig.com
*Counsel for Defendants Aaron Lewis and Dinara Lewis*